# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | | |
|---|---|---|
| Warren Castel, | ) | |
| | ) | C/A No. 0:19-cv-596-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Andrew Saul, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Warren Castel brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his claim for Supplemental Security Income ("SSI"). (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before this court is the magistrate judge's Report and Recommendation (the "Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 14). Plaintiff filed objections to the Report (ECF No. 15), and the Commissioner filed a response to those objections (ECF No. 16). Accordingly, this matter is now ripe for review.

## I. Background

In August 2015, Plaintiff applied for SSI benefits, alleging he became unable to work on August 4, 2015. (ECF No. 9-5 at 15). His claim was denied initially on January 14, 2016 (ECF No. 9-3 at 12) and upon reconsideration on July 13, 2016 (ECF No. 9-4 at 9). Pursuant to Plaintiff's request, an administrative law judge ("ALJ") conducted a hearing on December 5, 2017 at which Plaintiff was represented by counsel and during which a vocational expert testified. (ECF No. 9-2 at 29–54).

On February 16, 2018, the ALJ denied Plaintiff's claim, finding him not disabled under the Social Security Act ("SSA"). *Id*. at 14–23. The ALJ found that Plaintiff suffered from peripheral neuropathy, liver steatosis, cerebral atrophy, pancytopenia, hepatitis C, diabetes mellitus, cardiomyopathy, which he found to be severe impairments. *Id.* at 16. The ALJ also determined that Plaintiff suffered from substance abuse disorder but that it caused no more than minimal limitations. *Id*. Based on these findings, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id*. at 17.

The ALJ then assessed Plaintiff's residual functional capacity ("RFC") and concluded that Plaintiff could "perform light work as defined in 20 CFR 416.967(b) except that the claimant can lift 20 pounds occasionally and 10 pounds frequently;

carry the same as he can lift; sit for 6 hours, stand for 6 hours, walk for six hours, and push or pull as much as he can lift and carry." *Id.* at 18. The ALJ also determined that Plaintiff could "occasionally climb ramps and stairs, . . . never climb ladders ropes and scaffolds, [and] occasionally balance, stoop, kneel, crouch, and crawl." *Id*. The ALJ found that Plaintiff "is limited to simple, routine, repetitive tasks." *Id*.

Finally, the ALJ concluded that, based on Plaintiff's age, education, work experience, and RFC, "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as assembler, machine tender, and office cleaner. *Id.* at 22. Therefore, the ALJ held that Plaintiff has not been disabled since August 4, 2015 and denied his claim. *Id*. at 22–23. On January 3, 2019, the Appeals Council declined Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. *Id*. at 2.

## II. Standards of Review

### A. Judicial Review of the Decision of the ALJ

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*,

331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

Plaintiff filed this action for judicial review on February 28, 2019. (ECF No. 1). On February 20, 2020, the magistrate judge issued the Report recommending the court affirm the Commissioner's decision. (ECF No. 14 at 11). In particular, the magistrate judge, having concluded that the ALJ sufficiently explained his reasoning to permit judicial review, found that Plaintiff "failed to demonstrate that the ALJ's residual functional capacity assessment is unsupported by substantial evidence or controlled by an error of law." *Id*.

4

Plaintiff filed objections to the Report, arguing that the ALJ's RFC determination was not supported by substantial evidence because the ALJ failed to specifically discuss certain evidence, including (1) physical exams that revealed trace edema, paresthesia, neuropathy, and bilateral ecchymosis of the lower extremities; and (2) Dr. Hutchinson's "description of the limitations in Plaintiff's activities . . . or why it is inconsistent with the treatment notes[.]"  (ECF No. 15 at 2–4).  Plaintiff also re-asserts his argument that the ALJ failed to account for his use of a cane in determining his RFC.  *Id*. at 3.  Plaintiff argues that the ALJ reached the wrong conclusion based on the "total medical record" and, instead, should have found an RFC limited to sedentary work.  *Id*. at 4.  In response, the Commissioner contends that Plaintiff's objections simply repeat the arguments already presented to, and rejected by, the magistrate judge—that the ALJ's RFC determination is not supported by substantial evidence. (ECF No. 16).

### B. District Court Review of Report and Recommendation

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in

part, the recommendation made by the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The purpose of magistrate review is to conserve judicial resources. *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Thus, although the recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter, *see Matthews*, 423 U.S. at 270–71, the court is charged with making a *de novo* determination of only those portions of the Report to which a specific objection is made, *see* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations."). On the other hand, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). Thus, "[a] party's objection to a magistrate judge's report must be 'specific and particularized' in order to facilitate review by a district court." *Midgette*, 478 F.3d at 621.

"An objection is specific if it enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at

662 n.6 (internal quotation marks omitted). Objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g., Frazier v. Wal-Mart*, C.A. No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012) (noting that "almost verbatim restatements of the arguments made in previously ruled upon discovery motions" are not specific objections); *Ashworth v. Cartledge*, C.A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see also Dandy v. Berryhill*, 6:17-cv-331-BHH, 2018 WL 4610757 (D.S.C. Sept. 26, 2018); *Butler v. Berryhill*, No. 4:16-cv-03209-JMC, 2018 WL 1556188, at *1 n.3 (D.S.C. Mar. 30, 2018) ("The court does not need to conduct a de novo review of objections presented in the form of [complete statements] of arguments already made . . . as these objections never cite specific conclusions of the [report] that are erroneous." (internal quotation marks omitted)). Furthermore, in the absence of specific objections to the Report, the court is not required to give

any explanation for adopting the magistrate judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

### III. Discussion

In large part, Plaintiff's objections simply reiterate the argument that was previously presented to the magistrate judge—that the ALJ ignored evidence that would have supported an RFC of sedentary work. *Compare* (ECF No. 15 at 2) *with* (ECF No. 12 at 2). Plaintiff repeats his arguments to this court that the ALJ did not consider physical exams that revealed trace edema, paresthesia, neuropathy, bilateral ecchymosis of the lower extremities, and sensory loss, and that the ALJ failed to take Plaintiff's need for a cane into account when assessing his RFC. (ECF No. 15 at 2–4). Plaintiff contends that such evidence runs contrary to the ALJ's RFC determination that he is able to do light work and that the ALJ should have concluded instead that Plaintiff could perform at most only sedentary work. (ECF Nos. 12 at 2–3; 15 at 2–4).

Objections to the magistrate judge's Report are not a subsequent opportunity to reargue the merits of a case—they are an opportunity to demonstrate to this Court particular errors in the magistrate judge's reasoning. *See* 42 U.S.C. § 405(g); *Craig*, 76 F.3d at 589. Thus, "a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar.

13, 2015); *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (explaining that a district court "may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge" (internal quotation marks omitted)). Accordingly, the court need only review the Report and the magistrate judge's recommendations on this issue for clear error. *See Dunlap*, 288 F. Supp. 3d at 662.

As explained in the Report, the ALJ carefully considered the limitations caused by each of Plaintiff's severe impairments. (ECF No. 14 at 3, 6–10). The Report makes clear that in assessing Plaintiff's RFC, the ALJ considered Plaintiff's peripheral neuropathy and sensory loss, noting that "the ALJ observed that Castel has diabetes mellitus; that in 2016 Castel had an open wound (that has since healed) and significant feeling loss of the feet bilaterally was noted; and that in August 2017, Castel's podiatrist noted Castel's peripheral neuropathy to be well-maintained, that he had no foot ulcers, and that his personal needs were well maintained" but "found that Castel's peripheral neuropathy caused some limitations and contributed to Castel's postural limitations." *Id.* at 7. Although the ALJ did not expressly discuss the other medical records suggesting "trace edema" or "paresthesia," the fact that certain documents or reports in the record were not specifically mentioned does not cause the ALJ's analysis to be deficient. *See Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (stating that "there is no rigid requirement that the ALJ

specifically refer to every piece of evidence in his decision"). With respect to Dr. Hutchinson, the ALJ assigned some weight to her opinion that "Plaintiff cannot perform "physically strenuous activity" but was "ambulatory and able to carry out work of a light or sedentary nature, e.g., light house work, office work." (ECF Nos. 9-2 at 21; 9-7 at 45). The ALJ noted that it was "not clear that [Dr. Hutchinson] is using the terms sedentary and light work in the same manner as [the SSA]," but concluded Dr. Hutchinson believed Plaintiff "can do light work" and "can be active if needed." (ECF No. 9-2 at 21).

The ALJ "need only minimally articulate his reasoning so as to make a bridge between the evidence and his conclusions." *Jackson v. Astrue*, C.A. No. 8:08–cv–2855, 2010 WL 500449, at *10 (D.S.C. Feb. 5, 2010) (internal quotation marks omitted). Indeed, "[w]hile [the court] may not supply a reasoned basis for the agency's action that the agency itself has not given, . . . [the court] will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Bowen Transp. Inc. v. Arkansas-Best Freight System, Inc*., 419 U.S. 281, 285–86 (1974). The magistrate judge addressed this precise issue, finding "the ALJ sufficiently explained his reasons to permit review and built a sufficient 'accurate and logical bridge from the evidence to his conclusion.'" (ECF No. 14 at 10) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (remanding where the ALJ "failed to build an accurate and logical bridge from the evidence to his

conclusion" (internal quotation marks omitted))). The magistrate judge concluded that "the ALJ's opinion as a whole reflects that he sufficiently explained Castel's residual functional capacity assessment and the basis for the limitations and restrictions included" and was supported by substantial evidence. *Id*. at 9, 11. The court finds no clear error in the magistrate judge's determination and, therefore, overrules Plaintiff's objections in this regard.

Plaintiff also appears to lodge two objections related to the ALJ's consideration of his claims regarding his use of a cane. (ECF No. 15 at 3). First, plaintiff contends that the ALJ's RFC assessment erroneously failed to account for the fact that he uses a cane. *Id*. Second, Plaintiff argues that the ALJ failed to discuss the June 29, 2017 rehabilitation discharge records following his hospital admission for liver cirrhosis, diabetes mellitus and thrombocytopenia.  (ECF No. 15 at 3). Specifically, the discharge records indicated that a walker would be used following his release from therapy. (ECF No. 9-11 at 29–44).  Again, Plaintiff is merely repackaging arguments that have already been presented to and rejected by the magistrate judge; accordingly, the court reviews this portion of the Report for plain error. *Dunlap*, 288 F. Supp. 3d at 662.

The ALJ clearly considered the same discharge records relied upon by Plaintiff, specifically citing them in his RFC assessment. (ECF No. 9-2 at 20).  The magistrate judge noted that the ALJ "observed that there was no indication that

11

[Plaintiff] had been prescribed a cane" and that in August 2017, "Castel's peripheral neuropathy was noted to be well-maintained with no foot ulcers as well as normal gait notations in 2016 and 2017." (ECF No. 14 at 10). The ALJ further noted that, based on Plaintiff's testimony at the hearing, he used the cane not because it was prescribed but because he gets tired. (ECF No. 9-2 at 18). The inquiry before the court is not whether the ALJ should have given greater weight to rehabilitation discharge records, but rather whether the ALJ's RFC assessment is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *see also Craig*, 76 F.3d at 589 (stating that the court does not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]"). The court agrees with the magistrate judge that Castel failed to demonstrate that the ALJ's residual functional capacity assessment is unsupported by substantial evidence. *See, e.g., Wimbush v. Astrue*, No. 4:10-cv-00036, 2011 WL 1743153, at *3 (W.D. Va. May 6, 2011) (concluding that the ALJ's decision not to consider the impact of a *prescribed* cane on Plaintiff's RFC was supported by substantial evidence in the record that Plaintiff's gait and use of a cane would not preclude her from light work). Accordingly, the court finds no clear error in the Report and overrules Plaintiff's objections.

## IV. Conclusion

After a careful and thorough review of the Report and the entire record, the court concurs with both the reasoning and the result reached by the magistrate judge in her Report. Therefore, the court **ADOPTS** the Report (ECF No. 14) in its entirety, incorporates the Report herein by reference, and **AFFIRMS** the decision of the Commissioner.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
September 30, 2020